UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                              :
JOAN C. LIPIN,                                :     07 Civ. 226 (RJH)
                                              :
                    Plaintiff,                :
                                              :     **MEMORANDUM**
        -against-                             :     **OPINION AND ORDER**
                                              :
DAVID E. HUNT and DANSKE BANK,                :
                                              :
                    Defendants.               :
                                              :
-------------------------------------------------------------x

      This Court has dismissed this action in its entirety in a Memorandum Opinion and Order dated February 20, 2008. *See Lipin v. Hunt*, 538 F. Supp. 2d 590 (S.D.N.Y. 2008).[1] *Pro se* plaintiff Joan Lipin ("Plaintiff") has since filed a motion dated March 31, 2008, which the Court interprets as requesting (1) vacatur of the Court's Order dismissing her action pursuant to Federal Rule of Civil Procedure 60(b), (2) judicial disqualification pursuant to 28 U.S.C. § 455, (3) disqualification of both defendants' counsel for alleged misrepresentations and "fraudulent concealment" before this Court (Pl.'s Br. 1, 3–8, 10, Mar. 29, 2008; Lipin Decl. ¶¶ 23, 29, 42, 44, 62, 63, Mar. 29, 2008), and (4) leave to amend the complaint to assert claims against both defendants' counsel based on these actions (Pl.'s Br. 1, 3, 10). For the reasons discussed herein, Plaintiff's motion is denied.

---

[1] The parties' familiarity with the facts and procedural history of this case is assumed. Plaintiff's allegations are summarized in detail in *Lipin v. Hunt*, 538 F. Supp. 2d at 593–97.

**Plaintiff's Rule 60(b) Motion and Motion for Judicial Disqualification**

Plaintiff asserts that the February 20, 2008 dismissal of her complaint should be vacated pursuant to Federal Rules of Civil Procedure 60(b)(3), (4), (5), and (6), which provide as follows:

> [o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> * * *
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;[2]
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff contends that the defendants in this action have "fraudulently concealed" from the Court and from Plaintiff (1) the fact that Dr. Lipin's coin collection had been sold, and (2) an April 6, 2006 email from defendant Hunt to Ulf Bergquist in which Hunt predicted that Plaintiff would sue for conversion if the coin collection were sold, and recommending that the collection not be sold until a court determination on ownership.[3] (Lipin Decl. ¶¶ 23, 29, 42, 44, 62, 63, Ex. G, Mar. 29, 2008.) While Plaintiff does not

---

[2] "Under Rule 60(b)(4), a judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 193 (2d Cir. 2006).

[3] This recommendation was based on Hunt's prediction that, no matter how weak Plaintiff's case for ownership of the coin collection, the sale of the collection would immediately provoke "new rounds of litigation and difficulty" from Plaintiff. (Lipin Decl. Ex. G, Mar. 29, 2008.)

make clear how she believes any specific provision of Rule 60(b) applies in this case, the only arguably relevant provisions are Rule 60(b)(3) and 60(b)(6). The Court interprets Plaintiff's primary argument to be that the defendants' alleged failures to disclose certain information to the Court constituted "fraud," "misrepresentation," or "misconduct" within the meaning of Rule 60(b)(3).

"Since [Rule] 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances. A motion seeking such relief is addressed to the sound discretion of the district court . . . ." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

"To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks omitted). Such a motion "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Plaintiff has not demonstrated "fraud," "misrepresentation," or "misconduct" under Rule 60(b)(3). Plaintiff does not explain why defendants had any obligation to disclose the information in question during this action, in which discovery had been stayed, nor does she explain how the "concealment" of this information prevented her from "fully and fairly" opposing the defendants' motions to dismiss.

Rule 60(b)(6) is a catch-all provision that applies only "when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in [the

other provisions of Rule 60(b)]." *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986). Plaintiff has made no showing of "extraordinary circumstances justifying relief" or that dismissal of her claims "may work an extreme and undue hardship."

Because Plaintiff has not made the required showing for relief under either Rule 60(b)(3) or 60(b)(6), the only provisions arguably implicated by her allegations, her motion for relief under Rule 60(b) is denied.

Plaintiff also purports to move for judicial disqualification pursuant to 28 U.S.C. § 455(a), (b)(1), and (b)(2). Because Plaintiff's action has already been dismissed, this motion is denied as moot. However, reading this *pro se* litigant's papers liberally, the Court will interpret this portion of Plaintiff's motion as asserting that the judgment should be vacated under either Rule 60(b)(4) or 60(b)(6) because judicial disqualification was required under 28 U.S.C. 455 prior to dismissal.[4] Assuming *arguendo* that vacatur might be warranted under such circumstances, the Court finds that there were no grounds for judicial disqualification in this case.

Plaintiff contends that the Court's disqualification was required in this action, citing press releases that describe defendant Danske Bank's representation by the undersigned's former law firm White & Case LLP ("White & Case") in connection with Danske Bank's acquisition of a Finnish bank in 2006 and 2007 and other unidentified corporate transactions. (Lipin Decl. Exs. H, I, Mar. 29, 2008.)[5]

---

[4] Rule 60(b)(5), which applies when a "judgment has been satisfied, released or discharged," when "it is based on an earlier judgment that has been reversed or vacated," or when "applying it prospectively is no longer equitable," is inapplicable on its face.

[5] Plaintiff also alleges that disqualification is required because both White & Case and Danske Bank have offices in Stockholm, Sweden. (Lipin Decl. ¶ 49, Mar. 29, 2008.)

4

Under 28 U.S.C. § 455(a), "[a]ny . . . judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Disqualification under this section is required if "an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (internal quotation marks omitted). "Where a case, by contrast, involves remote, contingent, indirect or speculative interests, disqualification is not required." *Id.* (internal quotation marks omitted). "Moreover, where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." *Id.*

"[The] prior representation of a party by a judge or his firm with regard to a matter unrelated to litigation before him does not automatically require recusal." *Nat'l Auto Brokers v. GM*, 572 F.2d 953, 958 (2d Cir. 1978). The corporate transactions at issue have absolutely no relation to Plaintiff's claims in this action. No "objective, disinterested observer" could question the impartiality of these proceedings as a result of this incidental and insignificant connection between White & Case and Danske Bank.

28 U.S.C. § 455(b)(1) requires disqualification "where [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." As evidence of bias, Plaintiff cites the Court's "silence" regarding her antitrust claims in its February 20, 2008 Opinion. (Pl.'s Br. 8–9). Plaintiff did not assert antitrust claims in her complaint filed in this action.[6] Plaintiff also notes the Court's citation in that opinion of numerous published decisions in which she has been sanctioned for her litigation conduct and of the Maine state court decision that rejected Plaintiff's claims to ownership of Dr. Lipin's coin collection and the Moose

---

[6] Plaintiff does purport to assert antitrust claims in a related action, *Lipin v. Bergquist*, 07 Civ. 7833.

5

Pond Property.  (*Id.* at 4 n.1.)  The Court's citation of relevant case law unfavorable to Plaintiff's case is proper and not indicative of bias.  Plaintiff's allegations regarding bias and/or prejudice are frivolous and are rejected.

28 U.S.C. § 455(b)(2) requires disqualification "where in private practice [a judge] served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning this matter, or the judge or such lawyer has been a material witness concerning it."  Plaintiff makes no allegation implicating this section.

Judicial disqualification is neither warranted nor permitted in this case.  Plaintiff has not established entitlement to relief under Rule 60(b)(4), (6), or any other provision.  Plaintiff's motion for judicial disqualification is denied.

**Plaintiff's Motion for Disqualification of Counsel**

Plaintiff has moved to disqualify both defendants' counsel in this action, apparently based on Plaintiff's belief that defendants' counsel will be required to testify in this action.  (Pl.'s Br. 10 ("[D]isqualification of the attorneys representing the defendants is required because they are necessary witnesses.").)  Because this action has been dismissed in its entirety, this motion is denied as moot.

Plaintiff has also filed a second motion dated June 7, 2008 seeking disqualification of defendants' counsel.  This motion raises no additional arguments in support of disqualification and is likewise denied as moot.

## Plaintiff's Motion for Leave to Amend

Finally, Plaintiff seeks "permission . . . to assert" claims against defendants' counsel under Section 487 of the New York Judiciary Law. (Pl.'s Br. 3.) The Court interprets this request as a motion for leave to amend the complaint in this action to assert such claims. Because this action has been dismissed in its entirety, this motion is denied as moot.[7]

## CONCLUSION

For the reasons discussed herein, Plaintiff's motions [77, 89] are DENIED.

SO ORDERED.

Dated: New York, New York
August 28, 2008

Richard J. Holwell
United States District Judge

---

[7] Even if Plaintiff had made this motion prior to dismissal, it would have been denied. Section 487 permits a civil action against "an attorney or counselor who is guilty of any collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." (Lipin Decl. ¶ 62, Mar. 29, 2008.) The only acts Plaintiff identifies in support of her proposed claims against defendants' counsel are the alleged "fraudulent concealment" of the sale of the coin collection and Hunt's April 6, 2006 email.

Though leave to amend a complaint should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), leave to amend may be denied when such amendment would be futile. *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006). Plaintiff's proposed amendment would be futile. "[C]ivil relief [under Section 487] is warranted only where the defendant attorney has engaged in a chronic, extreme pattern of legal delinquency." *Schindler v. Issler & Schrage, P.C.*, 692 N.Y.S. 2d 361, 362–63 (N.Y. App. Div. 1999) (internal quotation marks omitted). The conduct of defendants' counsel, as alleged by Plaintiff, does not satisfy these requirements. As discussed, Plaintiff does not identify any basis for defendants' counsel's alleged obligation to disclose the information at issue. In addition, it does not appear that Plaintiff's proposed claims fall within either the diversity jurisdiction or the federal question jurisdiction of this Court.

7